## FRANCES J. G. THOMPSON

*vs.*

### WILLIAM T. HALL, Judge of Probate.

#### Same *vs.* ISAAC P. TIBBETTS.

Sagadahoc.    Opinion March 6, 1885.

*Probate practice.  Guardian.  Non compos.  Certiorari.  Prohibition.*

A petition, addressed to the judge of probate, which alleges that the petitioner is a friend of a person who has been adjudged by that court to be of unsound mind and incompetent to manage his own affairs, or to protect his rights, and that the person who was appointed guardian had refused to qualify for that trust, will give the probate court jurisdiction and authorize the judge, after notice and hearing, to appoint another person as guardian of the *non compos.*

ON EXCEPTIONS and report.

The first case is a petition for a writ of *certiorari* to a judge of probate to bring in the records of that court relating to the

appointment of a guardian for the petitioner, and that the same be quashed. The presiding justice ruled as a matter of law that the writ could not be issued and dismissed the petition. To this ruling the petitioner alleged exceptions.

The second case is a petition for a writ of prohibition in which it is asked that the person appointed her guardian may be prohibited from acting as such. This case comes up on report.

The following is the petition to the probate court and the action of that court thereon :

" To the honorable judge of the probate court for the county of Sagadahoc, next to be holden at Bath, on the first Tuesday of January, A. D. 1882.

" Joseph M. Trott respectfully represents that he is a friend of Frances J. G. Thompson of said Bath who has been adjudged by the honorable court to be of unsound mind and incompetent to manage her own affairs, or to protect her rights, and that Orville A. Robinson who was appointed guardian of the said Frances has refused to qualify for said trust.

" Wherefore he prays that letters of guardianship may issue to Isaac P. Tibbetts, of Topsham, in said county, he being a suitable person to act as guardian aforesaid.

Joseph M. Trott."

" State of Maine. Sagadahoc, ss. Probate court, January term, A. D. 1882.

" On the foregoing petition, it is ordered, that the said Frances J. G. Thompson be cited to appear at a probate court to be held at Bath, within and for said county, on the first Tuesday of February, 1882, at ten o'clock in the forenoon, and show cause, if any she has, why the prayer of said petitioner should not be granted, by serving her with a true and attested copy of the foregoing petition, with this order thereon, fourteen days prior to the holding of said court.

Wm. T. Hall, Judge."

[Service was duly made and proved.]

" State of Maine. Sagadahoc, ss. Probate court, February term, A. D. 1882.

"On the foregoing petition, it is decreed that the said Frances J. G. Thompson is of unsound mind and incompetent to manage her own estate or to protect her rights; and it is also decreed, that Isaac P. Tibbetts, of Topsham, be appointed guardian of said Frances J. G. Thompson, and that he give the bond required by law in the sum of one thousand dollars before entering on the execution of said trust.

[Seal.]    .                                    W. T. Hall, Judge."

"A true copy.    Attest,

Cyrus W. Longley, Register."

*W. Gilbert*, for the petitioner.

The petition of Trott does not recite the previous proceedings, or claim to engraft itself upon them. It undertakes to state a cause why the court should take jurisdiction and appoint. But it fails to make any case of jurisdiction under the statute. R. S., 1871, c. 67 § 4; *Overseers* v. *Gullifer*, 49 Maine, 360.

Such being the case, the petitioner, who in point of fact, though ignorant of law and legal rights, is no more *non compos* than three quarters of the people, petitions to quash the record by *certiorari*.

In this she is met by an opinion of Chief Justice SHAW, in *Peters* v. *Peters*, 8 Cush. 529. In view of the great ability of that learned judge, we may fairly impute the labored argument of the opinion to a desire to defend the court against all possible imputation of error in a matter, where the court evidently had no power of relief from erroneous adjudication. Certainly it needed no labor of argument to show that in a case of probate jurisdiction, an error in allowing a will which ought to have been rejected cannot be corrected by this process.

Counsel further cited: R. S., c. 77, § 5; *Harriman* v. *Co. Com'rs*, 53 Maine, 88; *Bishop of Chichester* v. *Harward*, 1 T. R. 650.

*C. W. Larrabee* and *A. N. Williams*, for the respondents, cited: *Cooper, Petitioner*, 19 Maine, 260; Constitution, Art. 6, § 7; *Sturtevant* v. *Tallman*, 27 Maine, 82; 3 Bl. Com. 66, 67, 112; *Peters* v. *Peters*, 8 Cush. 529; *Simpson* v. *Norton*,

45 Maine, 281; *Pierce* v. *Irish*, 31 Maine, 254; *Clark* v. *Pishon*, 31 Maine, 503; *McLean* v. *Weeks*, 65 Maine, 411; *Roderigas* v. *East River Sav. Inst.* 63 N. Y. 460; 1 Bouvier's Law Dict. 391; *Washburn* v. *Phillips*, 2 Met. 296; *Grant* v. *Gould*, 2 H. Bl. 100; *The People* v. *Seward*, 7 Wend. 518.

DANFORTH, J. The first named case is a petition for a writ of *certiorari* to issue to the probate court for the county of Sagadahoc asking that its records relating to the appointment of a guardian for Frances J. G. Thompson be quashed.

The second case is a petition that the guardian so appointed be prohibited from the further exercise of his duties as such.

In *Peters* v. *Peters*, 8 Cush. 529, SHAW, C. J., in a very able and exhaustive opinion held that the supreme court of Massachusetts was not authorized under the statutes of that commonwealth to issue a writ of *certiorari* to the probate court in any case. The reasoning of that opinion will apply equally well to the law of this state and seems to be conclusive in favor of the conclusion there reached. It is true that the case then under consideration differed materially from that now before this court, and the authority of the court to issue such a writ was not necessary to the disposal of the case, yet the argument is none the less convincing.

But if the court were authorized to issue such a writ we are satisfied that there is no such error in the records in question as to require it.

The objection raised here is that the record of the proceedings under which the guardian was appointed does not show jurisdiction in the court so appointing. Were the petition of Joseph M. Trott the initiative of the proceedings complained of the objection would be, clearly, well founded. *Overseers* v. *Gullifer*, 49 Maine, 360. But such is not the case. It is true that the previous proceedings are not incorporated into this petition. Nor is that necessary. It does refer to them. It is addressed to the "judge of probate for the county of Sagadahoc." It alleges that the petitioner is a " friend of Frances J. G. Thompson who has been adjudged by the honorable court to be of unsound mind and incompetent to manage her own affairs, or to protect

her rights, and that Orville A. Robinson who was appointed guardian of said Frances has refused to qualify for said trust." Here is a direct reference to the prior proceedings of the court, and to proceedings which were unfinished and still upon the docket of the court, for they could not be finally disposed of until the appointee had not only accepted but qualified by giving the required bond. Here was a sufficient description to enable the court to identify its own unfinished record and to the respondent notice of the adjudication of the unsoundness relied upon. The petition of Trott was not therefore the commencement of a new process, but the continuation of one already pending. Upon examining these prior proceedings no defect is found in them, none has been pointed out or claimed to exist. Both sides rely somewhat upon R. S., 1871, c. 67, § 23, revision of 1883, c. 67, § 26, giving the probate court authority to appoint a new guardian in case of the death, resignation, or removal of the guardian, " without further intervention of the municipal officers." But this section is not applicable. Here is neither a death, resignation or removal. That could be only after the guardian had been legally qualified and the proceedings finished. Here was a refusal to accept, leaving the proceedings unfinished, the purpose in view unaccomplished. If Robinson had been present and declined the appointment when made, there can be no doubt that the respondent being present, the court could have appointed another person. It can make no difference that this case was continued one or more terms to await the result, except perhaps the necessity of giving a new notice, as was done here, for it would be proper that the respondent should be heard as to the person to be appointed as well as upon the question of the necessity of appointing any one. In either case the decree as to unsoundness already made is the foundation of the appointment.

It is true that the last decree is informal and of itself insufficient. So far as it relates to the unsoundness of the respondent, it is unauthorized by the petition. That does not ask for any inquiry into that question. It simply alleges that she has already been decreed unsound in the language of the statute

authorizing the appointment of a guardian; that the attempted appointment had failed by reason of non acceptance, and asks that the work may be completed by the appointment of another. That part of the decree which is in conformity with the petition, and which has a legal basis to rest upon, cannot be made invalid by another part which is not authorized, and which is not necessary to a disposition of the case.

The result is, the records of the probate court taken as a whole so far as they relate to this case, show that the guardian has been legally appointed, and therefore neither the writ of *certiorari* nor prohibition can be granted.

*Exceptions in petition for certiorari overruled.*
*Petition for prohibition denied.*

PETERS, C. J., WALTON, LIBBEY, EMERY and FOSTER, JJ., concurred.